IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                          No. 1:22-cr-00885- WJ

CESAR ARMANDO BECERRA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

**THIS MATTER** comes before the Court upon Defendant Cesar Armando Becerra's *pro se*[1] Motion for Reduction of Sentence **[Doc. 90]** ("Motion") and the United States' Response in opposition to the Motion **[Doc. 91]**. The Court, having reviewed the pleadings and applicable law, concludes that Cesar Armando Becerra has failed to demonstrate that he exhausted his administrative remedies and the circumstances presented by Mr. Becerra do not rise to the extraordinary and compelling level required by statute. His request for a sentence reduction is **DENIED**.

BACKGROUND

On May 25, 2022, Defendant Cesar Armando Becerra was indicted on one count of possession with intent to distribute 1 kilogram and more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), possession with intent to distribute 40 grams and more of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), use and carrying a firearm during and in relation

---

[1] Because Mr. Becerra appears *pro se*, the "rule of liberal construction" applies—meaning the Court must construe his pleading liberally (without, however, assuming the role of advocate). *United States v. Hernandez*, 627 F.3d 1331, 1335 (10th Cir. 2010) (Holmes, J.).

1

to a drug trafficking crime and possession of a firearm in furtherance of such a crime in violation of 18 U.S.C. §924(c)(1)(A)(i), and felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. **[Doc. 44]**.[2] Defendant Becerra then entered into an 11(c)(1)(B) Plea Agreement on January 5, 2024, where he pled guilty to a two-count information charging possession with intent to distribute Heroin and possession of a firearm in furtherance of a drug trafficking crime. **[Doc. 75]**. In the Plea Agreement, Defendant Becerra admitted the following facts:

> "On January 5,2021, police lawfully searched the home where I was living in Bernalillo County, in the District of New Mexico. During the search, they found the following items, which I knowingly possessed:
> i. approximately 5.07 gross kilograms of heroin;
> ii. approximately 45.0 gross grams of fentanyl;
> iii. approximately $8,655 in United States currency;
> iv. a Springfield Armory XDS semiautomatic pistol, serial number 4T219864;
> v. a black metal magazine marked "Springfield Armory XDS" containing 7 bullets;
> vi. a Bushmaster BACR rifle, serial number ACRD001584;
> vii. a black magazine containing 30 bullets;
> viii. various ammunition seized from the defendant's possession on or about January 5,2021.
> b. The heroin and fentanyl listed above were mine. I intended to distribute those drugs to others.
> c. The cash listed above also was mine. It was proceeds from selling drugs.
> d. I also admit that I knowingly possessed the firearms listed above, and that they were real firearms that functioned as designed and met the statutory definition of a firearm. I possessed those firearms to protect myself, my drug supplies, and my drug proceeds."

**[Doc. 75 at 2-3]**. Mr. Becerra also agreed to forfeiture of a. approximately $8,655 in United States currency, a Springfield Armory XDS semiautomatic pistol, serial number AT219864, a black metal magazine marked "Springfield Armory XDS" containing 7 bullets, a Bushmaster BACR

---

[2] The Indictment resulted from the arrest by the USMS of Defendant Becerra at his mother's Albuquerque home on an arrest warrant out of Western District of Texas for drug trafficking. **[Doc. 2]**.

rifle, serial number ACRDOOI584, a black magazine containing 30 bullets, and various ammunition. **[Doc. 75].**

On June 19, 2024, Becerra was sentenced to 48 months on the distribution of heroin count and 60 months on the firearm count, the terms to run consecutively for a total term of incarceration of 108 months. **[Doc. 89].** The Court also imposed a term of 3 years of supervised release following completion of incarceration. **[Doc. 89].** In accordance with the Plea Agreement, Defendant waived appeal and collateral review of the conviction and sentence other than on the grounds of ineffective assistance of counsel. **[Doc. 75 at 11].**

Mr. Becerra then filed his Motion for a sentence reduction on September 5, 2025. **[Doc. 90].**[3] Defendant Becerra's filing focuses on compassionate release as it relates to drug charges. **[Doc. 90 at 2].** The United States filed its Response in opposition to Defendant's Motion on September 19, 2025. **[Doc. 91].** The United States opposes the request for compassionate release on the grounds that Mr. Becerra has failed to exhaust administrative remedies and has not shown extraordinary and compelling circumstances for compassionate release. No reply to the United States Response was filed.

## DISCUSSION

**I. Compassionate Release Legal Standard**

As a threshold matter, a prisoner seeking compassionate release must have satisfied § 3582's administrative exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Then, after reviewing for administrative exhaustion, a district court may grant a motion for compassionate release if three requirements are met: (1) extraordinary and compelling reasons warrant a sentence reduction; (2)

---

[3] Defendant Becerra makes reference to 28 U.S.C. § 2255 in his Motion but argues the Court should treat the motion as one for compassionate release under § 3582. **[Doc. 90 at 1].** Accordingly, the Court declines to construe his filing as a first § 2255 motion.

the sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the Court considers the § 3553(a) factors, to the extent they are applicable. *See United States v. Wesley*, 78 F.4th 1221, 1227 (10th Cir. 2023) (citing *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021)).

Granting a motion for compassionate release requires the district court to "'address all three steps.'" *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (quoting *McGee*, 992 F.3d at 1043). But a district court may deny a compassionate release motion based on lack of any of the three prerequisites listed in § 3582(c)(1)(A) without addressing the other prerequisites. *See United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024) (quoting *McGee*, 992 F.3d at 1043).

## II. Mr. Becerra's Request for Compassionate Release

As explained below, Mr. Becerra has failed to demonstrate exhaustion of his administrative remedies and failed to show extraordinary and compelling reasons sufficient to justify compassionate release. The Court—in its "substantial discretion"—denies his request for a compassionate release. *Hald*, 8 F.4th at 938 n.4; *see also Wesley*, 78 F.4th at 1228 (noting circuit precedent confirms that district courts have substantial discretion). Further, the seriousness of his underlying convictions, his lack of respect for the law, dangerousness to the community, and the need to deter future misconduct weigh against any such release.

### A. *Exhaustion of administrative rights*

A court may not modify a term of imprisonment unless a Defendant has fully exhausted all administrative rights. Defendant bears the burden of establishing that he has exhausted all administrative rights. 18 U.S.C. § 3582(c)(1)(A); First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

4

The Court finds Mr. Becerra has not demonstrated that he exhausted his administrative remedies prior to filing his Motion. The second page of his Motion refers to Warden-Safford F.C.C. or F.C.I. and states "[i]f I have not heard from you by August 20, 2025, I will have Exhausted My Procedure to proceed to the U.S. Dist. Ct. on my own behalf." **[Doc. 90 at 2].** Other than that, the Motion does not present any actual facts to demonstrate exhaustion. **[Doc. 90]**. The Court denies his Motion based on his failure to establish the threshold requirement of exhaustion of administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

### B. *Absence of extraordinary and compelling reasons*

Further, even if Defendant Becerra had established exhaustion of administrative remedies, his Motion does not demonstrate the type of extraordinary and compelling reasons that justify compassionate release. Therefore, alternatively, the Court denies the Motion based on Defendant's failure to establish extraordinary and compelling reasons for compassionate release.

In 2024, the Sentencing Commission updated its policy statement concerning compassionate release. *See United States v. Molina*, 2024 U.S. App. LEXIS 6371, at *3 (10th Cir. Mar. 18, 2024) (unpublished); U.S. SENT'G COMM'N, GUIDELINES MANUAL (Nov. 2023); *cf.* USSG § 1B1.13. There are now six listed categories of extraordinary and compelling reasons. *See* USSG §§ 1B1.13(b)(1)–(6). Generally speaking those categories are: (1) medical circumstances, (2) old age of the Defendant, (3) death or incapacitation in Defendant's family, (4) abuse by a correctional officer, (5) "other reasons" that are "similar in gravity" to the first four, and (6) if a Defendant received "an unusually long sentence and has served at least 10 years of the term of imprisonment." *Id.* It is through this lens that the Court evaluates Mr. Becerra's motion under USSG § 1B1.13(b)(5) and (6). *See* **Doc. 52 at 1–2**.

Defendant Becerra's Motion does not mention any of the first four categories—medical circumstances, old age, death or incapacitation in Defendant's family, or abuse by a correctional officer. Nor does Defendant qualify for the sixth category, since he has not served at least 10 years of imprisonment. Therefore, the Court construes Defendant Becerra's Motion as relying on the fifth category of "other reasons" that are "similar in gravity" to the first four categories.

Most of the "reasons" raised by Defendant Becerra challenge the validity of his conviction nor sentence. **[Doc. 90 at 3-5].** The Tenth Circuit has repeatedly held that 28 U.S.C. § 2255, not 18 U.S.C. § 3582, is the exclusive remedy for challenging the validity of a conviction or sentence unless the remedy under § 2255 is inadequate or ineffective. *Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir. 1999); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Banks,* 332 F. App'x 482, 483 (10th Cir. 2009).

Defendant Becerra has never filed a motion under 28 U.S.C. § 2255. The Court has indicated it will not construe Defendant's Becerra's Motion as a first § 2255 motion based on Mr. Becerra's request that the Court treat his motion as one under 18 U.S.C. § 3582 and not "lean" in the direction of § 2255. **[Doc. 90 at 1]**. While the Court's ruling leaves Defendant Becerra free to file a § 2255 motion, the Court also emphasizes that its ruling is without prejudice to any defenses the United States might raise to a § 2255 motion, including any waiver defense based on the Plea Agreement.

To the extent that Defendant Becerra argues that "yet, Becerra Never had a gun and Never utilized a gun in any wa, shape, or form, and was charged with a gun . . ." **[Doc. 90 at 3]** his argument does not constitute an extraordinary and compelling reason for a *sentence reduction*. Moreover, his contentions are at odds with his plea agreement admitting that he "knowingly possessed the firearms listed . . . that they were real firearms that functioned as designed and met

the statutory definition of a firearm." **[Doc. 75 at 5]**. He also admitted that he "possessed those firearms to protect myself, my drug supplies, and my drug proceeds." **[Doc. 75 at 5]**. Following the Court's colloquy with the Defendant at the Defendant's change of plea hearing, the Magistrate Judge found that Defendant's plea was knowing and voluntary, supported by an independent basis in fact, that Defendant had adequate time to consult with his attorney, and Defendant was satisfied with his representation. **[Doc. 76]**.

Accordingly, the Court finds that Mr. Becerra's arguments do not constitute such extraordinary and compelling circumstances to warrant compassionate release. *United States v. Wesley*, 78 F.4th at 1227.

### C. *Section 3553(a) factors*

The United States also argues that the sentencing factors of Section 3553(a) support Mr. Becerra's existing sentence and do not favor compassionate release in his case. **[Doc. 91 at 8-9]**. Upon review of the Section 3553(a) factors, the Court agrees with the United States.

The nature and circumstances of the offense do not favor compassionate release. As noted, Mr. Becerra's current conviction is for trafficking heroin and a related firearm offense. The core offense conduct involved large quantities of heroin, fentanyl, and methamphetamine, several firearms, and around $8,000 in drug proceeds. **[Presentence Investigation Report ("PSR"), Doc. 79, ¶ 11]**. Investigation revealed that Defendant Becerra was a leader or organizer responsible for importing massive quantities of heroin and cocaine to the United States from Mexico. **[Doc. 79, ¶¶ 13-14, 19, 29]**. The PSR also details Mr. Becerra's criminal history including four prior drug-related convictions (but not including this case or the case out of the Western District of Texas. **[Doc. 79]**. The nature and circumstances of this offense weight against compassionate release in this case.

The seriousness of the offense and the fact that Defendant's sentence is already below the guideline range do not favor compassionate release. Mr. Becerra was sentenced to 108 months of imprisonment, followed by 3 years of supervised release. **[Doc. 89]**. The guideline range in this case was 195-228 months. **[Doc. 281 at 8].** Given the quantity of drugs involved and the need to deter future misconduct, the seriousness of the offense does not favor compassionate release.

In sum, even if the Court had not denied the Motion based on failure to exhaust and lack of extraordinary and compelling circumstances, the sentencing factors of Section 3553(a), including the seriousness of Mr. Becerra's underlying conviction, his lack of respect for the law as demonstrated by his lengthy criminal history, and the need to deter future misconduct, weigh against granting Mr. Becerra's Motion for compassionate release.

## CONCLUSION

The Court finds that Defendant Becerra has failed to establish that he exhausted his administrative remedies. Further, the arguments presented by Mr. Becerra do not rise to the extraordinary and compelling level for granting a compassionate release. Additionally, the Court's individualized evaluation of the Section 3553(a) factors and the Sentencing Commission's policy statements do not support Mr. Becerra's request.

**IT IS HEREBY ORDERED** that Defendant Cesar Armando Becerra's *pro se* Motion for Reduction of Sentence [**Doc. 90**] is **DENIED** and the sentence imposed on June 19, 2024, **[Doc. 89]** remains in effect.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE